# In the United States Court of Federal Claims

No. 19-1730C

(Filed: November 19, 2019)

|  |  |
|---|---|
| **MARK DOWNEY,** | ) |
| *Plaintiff* | ) ) ) ) |
| v. | ) ) |
| **UNITED STATES,** | ) ) |
| *Defendant.* | ) ) ) ) |

## ORDER

This case was filed *pro se* by Mark Downey on November 4, 2019.

The Complaint lists as defendants the United States; Attorney General William Barr; the Commissioner of Internal Revenue; the General Counsel of the Department of the Treasury; the General Counsel of the Department of Homeland Security; Benjamin Scribner of Annandale, Virginia; Virginia Attorney General Mark Herring; Robert Q. Har, identified as Counsel for the Virginia Judicial Inquiry and Review Commission; and Karl R. Hade, identified as the Executive Secretary of the Supreme Court of Virginia.

The Court has a responsibility to ensure that it has jurisdiction over any claim and over the parties against which claims have been asserted. *See, e.g., St. Bernard Parish Gov't. v. United States*, 916 F.3d 987, 993-93 (Fed. Cir. 2019). The Court may dismiss a complaint on its own initiative if "the pleadings sufficiently evince a basis for that action." *Anaheim Gardens v. United States*, 44 F.3d 1309, 1315 (Fed. Cir. 2006).

The Supreme Court has made clear that this Court does not have jurisdiction over a complaint insofar as it names defendants other than the United States. *United States v. Sherwood*, 312 U.S. 584, 588 (1941) ("if the relief sought is against others than the United States the suit as to them must be ignored beyond the jurisdiction of the [predecessor to the Court of Federal Claims]"). *United States v. Jones*, 131 U.S. 1, 9 (1889). Accordingly, the Complaint is DISMISSED against all the defendants except the United States for lack of jurisdiction.

The Court now turns to the plaintiff's claims against the United States.

The Court's jurisdiction is established by the Tucker Act, 28 U.S.C. § 1491(a)(1), which provides:

> The United States Court of Federal Claims shall have jurisdiction to render judgment upon any claim against the United States founded either upon the Constitution, or any Act of Congress or any regulation of an executive department, or upon any express or implied contract with the United States, or for liquidated or unliquidated damages in cases not sounding in tort.

The Supreme Court has interpreted the Tucker Act to waive sovereign immunity to allow jurisdiction to entertain a claim against the Unites States if the Claim is (1) founded on an express or implied contract with the United States; (2) seeking a refund of a payment previously made to the United States; or (3) based on federal constitutional, statutory, or regulatory law mandating compensation for damages sustained, except from a tort. *See United States v. Navajo Nation*, 556 U.S. 287, 289-90 (2009). "Not every claim invoking the Constitution, a federal statute, or a regulation is cognizable under the Tucker Act. The claim must be one for money damages against the United States." *United States v. Mitchell*, 463 U.S. 206, 216 (1983). To invoke this Court's jurisdiction, a plaintiff must rely on a statute or regulation that is money-mandating, which means the source of alleged liability "can fairly be interpreted as mandating compensation by the Federal Government." *United States v. Testan*, 424 U.S. 392, 400 (1976).

The plaintiff is proceeding *pro se*, and his pleadings are entitled to receive a more liberal construction than the Court would give to pleadings prepared by counsel. *See Haines v. Kerner*, 404 U.S. 519 (1972). Giving a *pro se* litigant's pleadings a liberal construction, however, does not divest a *pro se* plaintiff from the responsibility of having to satisfy the jurisdictional requirements limiting this Court's jurisdiction. *See Kelly v. Sec'y, U.S. Dep't of Labor*, 812 F.2d 1378, 1380 (Fed. Cir. 1987); *Hale v. United States*, 143 Fed. Cl. 180, 184 (2019).

The starting point for determining whether this Court has jurisdiction is the plaintiff's Complaint, which the Court will construe liberally.

The plaintiff provides at the start of the Complaint a summary: "This Claim has two main elements - enforcement of criminal charges and punitive monetary damages based upon [United States Code] Code Violations and supporting and relevant [United States Code] Code Violations and the Constitution Violations." (Compl. at 2).

The Complaint totals 50 pages and includes 47 separate claims. Based on a careful review of the Complaint, it appears that the plaintiff, who refers to himself as disabled, has consistently filed whistleblower complaints with federal agencies, but the agencies have not pursued his allegations. The substance of those allegations is not clear from the Complaint, but, based on some of the claims in the Complaint, may involve allegations of discrimination against the disabled or cost-overruns on government contracts.

The 47 claims can be broadly grouped among the following categories: 1) the failure of federal agencies to act on the plaintiff's whistleblower complaints; 2) injuries to the plaintiff from that general failure to act; 3) violations of federal criminal and tort laws due to those failures; 4) violations of the plaintiff's civil and constitutional rights; 5) Freedom of Information

Act and related violations; and 6) violations of government procurement laws and regulations and of the Prompt Payment Act.

None of the claims presented falls within this Court's jurisdiction.

The Whistleblower Protection Act, Pub. L. 101 – 12, *codified at* 5 U.S.C. § 2302(b)(8)-(9), is part of the civil service laws of the United States. The plaintiff has not alleged that he has worked for the federal government. In any event, federal employment laws are not necessarily money-mandating, *see United States v. Testan*, 424 U.S. 392, 401-01 (1976), and the Whistleblower Protection Act is an example of a law that does not mandate the payment of money for its violation. Violations of the law are corrected through the dispute-resolution mechanisms available to civil servants, not through an action in this Court.

The plaintiff also references information he has provided to the Internal Revenue Service ("IRS") and complains that no action has been taken as a result of his whistleblower complaints. Because the plaintiff is proceeding *pro se*, the Court will overlook the fact that none of the allegations in the Complaint begin to satisfy the elements needed to state a claim under the relevant statute. *See* 26 U.S.C. § 7623. Instead, the Court notes that claims under the IRS whistleblower program must be filed in the United States Tax Court. 26 U.S.C. § 7623(b)(4). In addition, the statute is not money-mandating. Therefore, this Court lacks jurisdiction over these claims.

With respect to the plaintiff's claims arising under Title 18, the jurisdiction of this Court does not extend to claims arising from alleged criminal violations by the federal government. *Johns v. United States*, 17 F.3d 378, 379 (Fed. Cir. 1994); *Hufford v. United States*, 87 Fed. Cl. 696, 702 (2009).

Similarly, the express terms of the Tucker Act deprive this Court of jurisdiction over the plaintiff's claims under the Federal Tort Claims Act and his claims based on allegations of fraud, which is a tort. *See* 28 U.S.C. § 1491 (a); *Keene Corp. v. United States*, 508 U.S. 200, 214 (1993).

The plaintiff also raises claims regarding the government's violation of the Freedom of Information Act and other federal records and disclosure laws. Claims for violations of these laws are within the jurisdiction of federal district courts, *see, e.g.*, 5 U.S.C. 522 (a)(4)(B), and this Court lacks jurisdiction over them.

The plaintiff's claim under the Fair Labor Standards Act is within the jurisdiction of the Department of Labor and district courts and not this Court. *See generally* 29 U.S.C. § 201 *et seq*.

The plaintiff has also raised claims against the government under federal procurement laws, which are within this Court's jurisdiction. Even with a liberal reading of the Complaint, however, the plaintiff has not alleged that he has a contract with the United State, either express or implied. The plaintiff's claims focus on complaints that the government has allowed cost-overruns and otherwise not properly administered its contracts. The plaintiff does not have

standing to bring such claims to this Court in the absence of a contract. Accordingly, these claims must also be dismissed for want of jurisdiction in this Court.

As for his claim under the Prompt Payment Act, 31 U.S.C. § 3901 *et seq.*, he does not allege the elements needed to show a violation of the law that is within this Court's jurisdiction.

Accordingly, because this Court lacks jurisdiction over the plaintiff's claims, this suit is DISMISSED without prejudice pursuant to Rule 12(b)(1) and 12(h)(3) of the Rules of the Court of Federal Claims.

It is so **ORDERED.**

**Richard A. Hertling**
**Judge**